# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

December 13, 2019

Lyle W. Cayce
Clerk

No. 19-20048

BARRY GROSS; BILLCUTTERZ, LLC,

        Plaintiffs - Appellees

v.

KEEN GROUP SOLUTIONS, LLC,

        Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-2632

Before HIGGINBOTHAM, DENNIS, and HO, Circuit Judges.

PER CURIAM:*

BillCutterz and Keen Group Solutions are bill reduction services companies. They entered into a license agreement under which BillCutterz provided Keen with proprietary intellectual property related to bill reduction services in exchange for 3% "Royalties" on revenues related to "Bill Cutting Services" and 1.5% "Commissions" on revenues derived from "Non-Bill Cutting Services." The terms are capitalized in the license agreement.

Following a business dispute, the parties entered into arbitration. The arbitrator found, in relevant part: (1) the license agreement was valid and

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20048

enforceable; (2) BillCutterz was entitled to $39,128.00 in unpaid "commissions and royalties"; (3) BillCutterz was entitled to future "royalties and commissions" for the duration of the license agreement; and (4) BillCutterz was entitled to $382,673.75 in attorney's fees, $44,943.18 in costs, and $17,080.55 in expert fees. BillCutterz moved to convert the award into a judgment in the district court. The court confirmed the arbitration award in its entirety.

Keen appeals, arguing that the words "royalties" and "commissions" should have been capitalized in the arbitration award as they were in the license agreement, and that the arbitrator lacked power to award attorney's fees, arbitration costs, or interest.

We have reviewed the briefs, applicable law, relevant parts of the record, and heard oral argument—including the parties' express agreement during oral argument that the terms "royalties" and "commissions" as used in the arbitration award must be construed as defined in the license agreement. We affirm.